
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 18, 2017 Session

## JEANETTE ARNOLD BUNTYN v. STEVONSKI ELLIOTT BUNTYN



Appeal from the Chancery Court for Madison County
No. 71133     James F. Butler, Chancellor

_____

### No. W2016-00398-COA-R3-CV
_____

This appeal stems from a divorce proceeding in which Wife was awarded alimony *in futuro*.  For the reasons stated herein, we vacate the trial court's award of alimony and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

David W. Camp, Jackson, Tennessee, for the appellant, Stevonski Elliott Buntyn.

Jeanette Arnold Buntyn, Appellee.[1]

## OPINION

### Background and Procedural History

Jeanette Arnold Buntyn ("Wife") and Stevonski Elliott Buntyn ("Husband") were married in 1994.  Although two children were born of the marriage, only one was a minor at the time of trial.  Wife was employed as a social worker for West Tennessee Healthcare at the time of trial while Husband was gainfully employed with a tire and wheel company.

The present litigation was commenced in October 2013 when Wife filed a complaint for divorce.  Therein, Wife asserted that Husband was guilty of inappropriate marital conduct and that irreconcilable differences had arisen in the marriage.  In addition

_____

[1] Appellee did not file a brief or participate in oral argument.

to requesting that the trial court make an equitable distribution of the parties' property and approve her proposed parenting plan, Wife requested that she receive an award of alimony.

Husband filed an answer to Wife's complaint in December 2013. Although he admitted that irreconcilable differences had arisen between the parties, he denied that he was guilty of inappropriate marital conduct. Contemporaneous with the filing of Husband's answer was his filing of a counterclaim for divorce. In his counterclaim, Husband alleged that Wife was guilty of inappropriate marital conduct. Husband also requested that he be awarded alimony from Wife. Wife would later file an answer to Husband's counterclaim in January 2014, wherein she denied that she was guilty of inappropriate marital conduct. A one-day trial eventually took place in July 2014.

On October 10, 2014, the trial court entered its "Final Decree of Divorce." In addition to awarding Wife a divorce, dividing the parties' property, and incorporating a parenting plan, the trial court's divorce decree ordered Husband to pay Wife $100.00 per month as alimony *in futuro*. Although Husband subsequently filed a motion to alter or amend the divorce decree, the trial court denied his motion by order entered on February 18, 2016. This timely appeal then followed.[2]

**Discussion**

In his brief on appeal, Husband raises only one issue for our review. Specifically, he challenges the propriety of the trial court's award of alimony *in futuro* to Wife. Because Wife did not file an appellate brief or otherwise participate on appeal, our review is thus limited to the sole issue raised by Husband.

The appropriateness of an award of alimony is dependent on the facts and circumstances of each case. *Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App. 2002). Sitting as an appellate court, it is not our role to second-guess the trial court's decision with regard to alimony. *Mayfield v. Mayfield*, 395 S.W.3d 108, 114 (Tenn. 2012) (citation omitted). We simply review the trial court's decision to see whether the trial court has committed an abuse of discretion. *Id.* (citation omitted). In part, we review the decision of the trial court to determine whether it is supported by the facts in

---

[2] After the record was initially transmitted to us on appeal, we observed that the final decree of divorce appeared to be incomplete. Namely, we observed that although the trial court's divorce decree stated that certain "Findings" were attached thereto, no findings were actually attached. We suspected that the trial court intended to incorporate and attach a July 22, 2014 letter ruling, which was filed separately in the record, but the record did not affirmatively establish this point. Rather than dismiss the appeal outright for the absence of adequate findings of fact and conclusions of law, we gave the parties an opportunity to clarify and correct the record. In response to an order from this Court, the trial court clerk filed a supplemental record in this Court, wherein an amended final decree of divorce was provided. The amended decree specifically incorporated by reference the trial court's July 22, 2014 letter ruling.

evidence and to see whether the trial court identified and applied the applicable legal principles. *Sullivan*, 107 S.W.3d at 510 (citation omitted).

By statute, trial courts are directed to consider the following factors when determining whether alimony is appropriate and in determining the nature, amount, length of term, and manner of payment:

(1)     The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2)     The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3)     The duration of the marriage;

(4)     The age and mental condition of each party;

(5)     The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6)     The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7)     The separate assets of each party, both real and personal, tangible and intangible;

(8)     The provisions made with regard to the marital property, as defined in § 36-4-121;

(9)     The standard of living of the parties established during the marriage;

(10)    The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11)    The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12)  Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i).  It is well-settled that the disadvantaged spouse's need and the obligor spouse's ability to pay are most important among these factors.  *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007) (citations omitted).  Ultimately, however, "the disadvantaged spouse's need is the threshold consideration."  *Id.* (citations omitted).

"Current Tennessee law recognizes several distinct types of spousal support, including (1) alimony in futuro, (2) alimony in solido, (3) rehabilitative alimony, and (4) transitional alimony."  *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 107 (Tenn. 2011) (citing Tenn. Code Ann. § 36-5-121(d)(1)).  There is a "legislative preference favoring short-term spousal support over long-term spousal support, with the aim being to rehabilitate a spouse who is economically disadvantaged relative to the other spouse and achieve self-sufficiency where possible."  *Id.* at 109 (citations omitted).  Given this legislative preference, "there is a statutory bias toward awarding transitional or rehabilitative alimony over alimony in solido or in futuro."  *Id.*

In this case, the trial court offered the following reasons in support of Wife's alimony award:[3]

Wife has a request for alimony.  The Court finds that Wife's reasonable expenses are $3,822.00 and that her net income is $2,080.00 per month.  Wife will be receiving child support of $448.00 and therefore, her need is $1,294.00.  Wife earns less money than Husband and would qualify for an award of alimony.  On the other hand, Husband's net income is $2,633.00 and his reasonable expenses are $3,100.00.  Husband therefore, has a shortage which will be even more after paying the child support.  The Court is aware however, that Husband has extra income, but does not know the amount since Husband has not divulged that information and feels the Husband can readily pay the child support even though on paper he shows a shortage.  Husband is not able to pay alimony to the Wife in the amount needed by Wife at this time, but it is anticipated that Husband will have sufficient funds to pay to the Wife $100.00 per month alimony based on the extra income that he generates.  Therefore, Wife is awarded alimony in futuro in the amount of $100.00 per month.  Husband's request for alimony is denied.

---

[3] The trial court's findings relative to the alimony award are found in its July 22, 2014 letter ruling.  As previously noted, the trial court's letter ruling was ultimately incorporated by reference by the amended final decree of divorce.

Because we are of the opinion that these findings are insufficient to support the alimony awarded to Wife, we are unable to afford the trial court's decision the deference normally afforded to an award of alimony.

In reaching this conclusion, we again note that there is a "legislative preference favoring short-term spousal support over long-term spousal support." *Gonsewski*, 350 S.W.3d at 109 (citations omitted). In fact, in order for a trial court to award alimony *in futuro*, "there must be a threshold determination by the trial judge that, considering all relevant factors, rehabilitation of the economically disadvantaged spouse is not feasible." *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995) (citation omitted). Here, the trial court's decision to award alimony *in futuro* is not accompanied by this necessary determination. Because there is no finding that economic rehabilitation is not feasible and there is no finding that long-term support is necessary, the trial court's decision is without a proper foundation. Very simply, there is an absence of an explanation regarding the trial court's decision to award *in futuro* support in light of the pertinent statutory factors.

In addition, the trial court's order does not, in our view, satisfactorily evidence that Husband has the ability to pay support. At the outset, the trial court's findings acknowledge that Husband's net income is lower than his reasonable expenses. Further, the trial court's findings acknowledge that Husband's shortage will be even more after paying the ordered child support. Although these findings countenance against the notion that Husband has an ability to pay alimony, the trial court's order then goes on to reference the "extra income" that Husband has. The problem with this, however, is that the amount of this "extra income" has not been determined by the trial court. Indeed, although the trial court states that it "does not know the amount since Husband has not divulged that information," the trial court's award is not predicated on an established amount of "extra income," imputed or otherwise. The support for the award is entirely conclusory, as the findings state that "it is anticipated that Husband will have sufficient funds to pay." Therein lies another problem. The trial court's findings do not definitively conclude that Husband's "extra income" enables him to pay $100.00 a month in alimony. Rather, as stated, the trial court's findings note that "it is *anticipated* that Husband *will have* sufficient funds to pay." (emphasis added) As far as its findings will admit, the trial court simply anticipates that Husband "will have" sufficient funds at some point to pay the ordered alimony. From our reading of the findings, there is no clear determination that the undefined "extra income" currently provides Husband the ability to pay Wife $100.00 a month.

For the foregoing reasons, we vacate the award of $100.00 per month in alimony *in futuro* and remand for a reconsideration of the type, duration, and amount of alimony, if any, that is to be awarded. First and foremost, the trial court should make factual findings as to Wife's need for support and Husband's ability to pay. Because there is a legislative preference towards awarding rehabilitative or transitional alimony over

alimony *in futuro* or *in solido*, the court should also make findings as to whether Wife's rehabilitation is feasible. If not, the trial court should consider whether an award of transitional alimony is appropriate. If transitional alimony is not appropriate, the trial court should consider the nature and duration of long-term support. *See generally Donaldson v. Donaldson*, No. M2015-01035-COA-R3-CV, 2016 WL 3662305, at \*4 (Tenn. Ct. App. June 30, 2016). Because a substantial amount of time has passed since the trial of this cause and our disposition of this appeal, the trial court may exercise its discretion to permit the introduction of additional proof on this issue.

## Conclusion

In light of the foregoing, we hereby vacate the trial court's award of alimony and remand the case for further consideration. Costs of this appeal are assessed against the Appellee, Jeanette Arnold Buntyn, for which execution may issue if necessary. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE